McDANIEL v. THE MAYOR & COUNCIL OF COLUMBUS.

On the facts in the record, there was no abuse of discretion in refusing an injunction.          *Judgment affirmed.*

July 8, 1891. Ey two Justices.

Injunction. Sewers. Municipal corporations. Before Judge MARTIN. Muscogee county. At chambers, March 28, 1891.

Misses McDaniel petitioned for injunction to restrain the mayor and council of Columbus from laying a sewer through their lot at the corner of Second avenue and Fourteenth street in that city, adjoining their residence lot. The case was heard on the petition and answer with affidavits, etc. in support of both. The plaintiffs excepted to the denial of the injunction. The petition alleges that the mayor and council are seeking to condemn the lot for the purpose of laying thereon sewers and drainage-pipes, by which a large excavation will be made across this lot and in the yard and garden of the plaintiffs, wherein the sewer and pipes will be placed, and there will be left open on the lot, and near the plaintiffs' dwelling, eyes or openings to the sewer, wherefrom will arise foul and noxious vapors and odors, thereby endangering plaintiffs' health and rendering their lot unfit for dwelling purposes, the same being in the residence portion of the city; that the mayor and council are proceeding to appropriate the property for this purpose, without having first paid therefor and without first making reparation for the damage they will cause to it; that the taking of it for this purpose will not be for the welfare and benefit of the public at large, but only for the accommodation and benefit of a few individuals and for the convenience and benefit of a few adjoining lot-owners who have proposed to pay the expense incurred in constructing the sewer, and it is upon their petition and upon the basis of their offer to pay said expense that the mayor and council are proceeding, under the guise of their office and power, to condemn plaintiffs' private property for the private benefit and convenience of these adjoining lot-owners, and the sewer when constructed will be of a private nature and for the accommodation of said individuals; and that if the same is done as the mayor and council are proceeding to do, the damage thereby caused will be irreparable to plaintiffs, as it will ruin their lot and home.

From the answer of the mayor and council: They are seeking to condemn so much of the lot as may be necessary to lay a sanitary sewer for the purpose of draining the block between Fourteenth and Fifteenth streets and between First and Second avenues, as a protection to the citizens residing on that block and to the public at large. They have the right, under the charter of the city, to condemn any land whenever, in their judgment, it is necessary to construct a sewer on the same; and if the land-owner objects to the sewer being built, the charter provides that the mayor and council shall select one arbitrator and the land-owner another, and these two shall select a third, and the three shall estimate the damage done to the land by the construction of the sewer. In pursuance of this power, in March last, the mayor and council selected R. O. Howard as the arbitrator for the city, notified plaintiffs in writing of such selection, and asked them to select an arbitrator for themselves, in order that the damage might be ascertained and estimated, and that plaintiffs might be paid for the same, they having previously refused to permit the sewer to be built unless they were paid $650. To construct the sewer across their land it will not be necessary to make a large excavation, but only a small portion of their lot will be used, and this immediately upon the line of defendant and land of plaintiffs and that of Geo. P. Swift. The sewer will be under the ground, entirely covered with dirt; no eyes or openings will be left, nor will any foul and noxious vapors and odors arise; and instead of injuring the health of plaintiffs and other citizens, it will be a benefit thereto and will improve the lot for dwelling purposes. It will be not only for the welfare and benefit of the citizens residing in the immediate vicinity, but for that of the public at large.; it will not ruin or damage either the lot or the home of the plaintiffs, but will be beneficial to both; and if any damage to the lot is caused by its

construction, the same can be easily ascertained and fixed. The amount can only be ascertained by arbitrators; and the defendant is ready and willing to pay plaintiffs whatever amount the arbitrators legally selected may assess. In laying out the construction of the sewer and the land through which it should pass, the defendant tried to avoid passing through the land of the plaintiffs, but owing to the facts that it is necessary for the sewer to tap a sewer on Fourteenth street, and that the center of the block is low and a quantity of water and garbage collects and stands thereon, to make the sewer effectual it was necessary to construct it through plaintiffs' land. The lots on this block are in a dreadful condition, because there are no sewers to convey the storm water falling thereon; and for this reason it will be necessary to construct not only a sanitary sewer but also a sewer to convey the storm water from the block to the main sewer on Fourteenth street. These two sewers are located immediately in the center of the block, or as near the center as it was possible to locate in order to give proper fall at the point near it adjoining the main sewer. Unless the sanitary sewer is constructed on its located route, the vast quantity of garbage, night-soil and other things injurious to health will be left standing on the block; and this will produce disease and cause an epidemic, endangering the health of the citizens, not only in the neighborhood, but of the entire city. Defendant denies that the sewer is to be constructed for the welfare of a few individuals, but says that the public at large 'will be benefited thereby. Twice this year it sought to purchase of plaintiffs the right of way over their land, and offered them $200 for the same; but they asked $650; whereupon the price could not be agreed on.

THORNTON & McMICHAEL and PEABODY, BRANNON & HATCHER, for plaintiffs.

J. H. WORRILL, for defendant.